```
              UNITED STATES DISTRICT COURT
           SOUTHERN DISTRICT OF WEST VIRGINIA
                      AT CHARLESTON
```

**JOHN MARSHALL UNDERWOOD, JR.,**

      Movant,

v.                                                 Civil Action No. 2:18-cv-00671
                                                Criminal Case No. 2:17-cr-00029

**UNITED STATES OF AMERICA,**

      Respondent.

## MEMORANDUM OPINION AND ORDER

Pending is movant John Marshall Underwood, Jr.'s motion under 28 U.S.C. § 2255 to vacate, set aside or correct sentence by a person in federal custody, filed April 26, 2018.

This action was previously referred to United States Magistrate Judge Cheryl A. Eifert for submission to the court of her Proposed Findings and Recommendation ("PF&R") for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). On November 4, 2019, the magistrate judge entered her PF&R recommending that the court deny movant's motion, grant respondent's request for dismissal, and dismiss this civil action with prejudice. Movant filed timely objections to the PF&R on November 20, 2019. Respondent has neither objected nor responded to movant's objections.

Upon an objection, the court reviews a PF&R de novo. Specifically, "[t]he Federal Magistrates Act requires a district court to 'make a de novo determination <u>of those portions</u> of the [magistrate judge's] report or specified proposed findings or recommendations to which objection is made.'" <u>Diamond v. Colonial Life & Accident Ins. Co.</u>, 416 F.3d 310, 315 (4th Cir. 2005) (first alteration added) (quoting 28 U.S.C. § 636(b)(1)).

In her PF&R, the magistrate judge assessed the validity of movant's three defenses to the charges against him and found that none of them had merit or otherwise supported his ineffective assistance of counsel claim. <u>See</u> ECF No. 89. First, the magistrate rejected movant's argument that he did not attempt to "persuade, induce, entice, or coerce" a minor — i.e., the undercover police officer acting as the fictitious "Abby" — to engage in sexual activity because movant's actions constituted substantial steps toward achieving this goal. 28 U.S.C. § 2422(b); ECF No. 89 at 11–15. Second, the PF&R found that evidence exists that contradicts movant's claim that he did not intend to engage in sexual activity with Abby. ECF No. 89 at 15–17. Third, the magistrate judge concluded that the entrapment defense lacked merit. <u>Id.</u> at 17–19. In addition, the PF&R concluded that neither the failure to move for dismissal of the indictment nor counsel's advice regarding

available defenses constituted ineffective assistance of counsel, and that movant could not contradict his guilty plea insofar as he now asserts that he was not actively seeking an underage sexual partner.  Id. at 19–24.

Movant objects to the PF&R's application of the facts in its conclusion that movant did not have a viable entrapment defense.  ECF No. 90.  He argues that the PF&R did not sufficiently address whether movant's counsel, Assistant Federal Public Defender Rhett Johnson, informed movant about an entrapment defense and whether respondent's threatened charges were viable.  Movant maintains that he would have insisted on proceeding to trial had Johnson informed him of an entrapment defense.  Id. at 2.  In support of this defense, movant argues that "the United States made at least 25 offers for the services of the fictitious underage prostitute" and that movant "repeatedly declined the United States 'offer.'"  Id.  Moreover, movant objects to the magistrate judge's legal conclusions as to his ineffective assistance of counsel claim because the PF&R did not sufficiently address the cases movant cited supporting his entrapment defense.  Id. at 3.

"Entrapment is an affirmative defense consisting of 'two related elements: government inducement of the crime, and a lack of predisposition on the part of the defendant to engage in

the criminal conduct.'" United States v. McLaurin, 764 F.3d 372, 379 (4th Cir. 2014) (quoting Mathews v. United States, 485 U.S. 58, 63 (1988)).  The magistrate judge addressed movant's argument, which he now repeats in his objections, that movant "refused to have sexual contact with Abby on multiple occasions despite the government's repeated offers." See ECF No. 89 at 17.

The PF&R concluded that the evidence collected from movant's phones "unequivocally" showed that movant was predisposed to entice underage girls to engage in illegal sexual activity before he was ever contacted by "Jenn," an undercover alias assumed by a state police officer who posed as a prostitute.  ECF No. 89 at 2, 18–19.  Jenn only contacted movant after the West Virginia State Police received a tip from a confidential informant that movant was soliciting prostitutes to arrange for him to have sex with underage girls.  Id. at 18; ECF No. 82-2 at 9.  Even after this initial solicitation, movant continued to speak with Jenn, including asking her to send nude pictures of Abby.  ECF No. 89 at 14, 19; ECF No. 82-2 at 10-11.  He also communicated with Abby directly and inquired about her "sexual experiences and expressed a desire to be her boyfriend and take care of her." ECF No. 89 at 19.  Movant's objections do not address these critical facts.  The PF&R properly found

that movant was predisposed to commit the crime for which he was convicted, dooming his entrapment defense.

Movant also does not specify what case law, if any, supports his assertion that his former attorney's advice against pursuing an entrapment defense constituted ineffective assistance of counsel. Nor do movant's conclusory assertions support a finding that he had a viable entrapment defense. Although Johnson originally advised movant to proceed to trial, he did so because he believed that movant would not receive a sentence above the 10-year mandatory minimum even if movant lost at trial. ECF No. 89 at 21. However, Johnson convinced movant that a plea deal was preferable after the government provided notice that, if movant did not accept the plea deal offered, it would seek a superseding indictment containing three additional charges. Id. Two of the additional charges carried mandatory minimum sentences of 15 years in prison, or 50 percent more than movant was facing with the enticement charge. Id. Johnson avers in his affidavit that he discussed these considerations with movant and that he advised movant that it was not worth risking another five years of incarceration to go to trial. See ECF No. 74 at 6–7. As the magistrate judge aptly concludes, movant fails to show that the advice he received from counsel

was not within the range of competence demanded of attorneys in criminal cases. See ECF No. 89 at 21-22.

Finally, movant objects to the magistrate judge's failure to hold an evidentiary hearing. Movant argues that his affidavit raised a factual question that had Johnson informed him of the entrapment defense, he would have insisted on going to trial. Yet, movant is not entitled to a hearing inasmuch as he was clearly unable to state a claim that entitles him to relief. Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970). Accordingly, the court denies this objection as well.

The court, accordingly, ORDERS that:

1. Movant's objections to the PF&R be, and they hereby are, overruled.

2. The magistrate judge's PF&R entered November 4, 2019 be, and it hereby is, adopted and incorporated in full.

3. Movant' motion under 28 U.S.C. § 2255 to vacate, set aside or correct sentence by a person in federal custody be, and it hereby is, denied.

4. This civil action be, and it hereby is, dismissed with prejudice.

The Clerk is directed to transmit copies of this memorandum opinion and order to all counsel of record, any unrepresented parties, and the United States Magistrate Judge.

**ENTER:** April 3, 2020

_____
John T. Copenhaver, Jr.
Senior United States District Judge